Frank A. Tate, Jr., J.
Defendant was tried before this court for the crime of issuing a bad check in violation of subdivision 1 of section 190.05 of the Penal Law. In order to obtain a conviction under the subdivision cited, the People must prove three elements of the crime. In substance, they are (a) that the defendant as drawer uttered a check, knowing that he did not then have sufficient funds with the-draweelo cover-'it-,*- (b)-that“ he intended that at the time of utterance that payment would be refused when the check was presented; and (c) payment was in fact refused upon presentation.
In order to prove these elements there are certain statutory presumptions that the People may rely on to establish a prima facie case. Thus, regarding the first element, the People may establish that the drawer had insufficient funds with the drawee at the time of utterance and, once this fact is established, the *885 knowledge of such, insufficiency is presumed (§ 190.10, suíbd. 1).
In the present case, the People failed to make out a prima facie case for the reason that they failed to prove the first element of the crime. The check was uttered on July 21, 1969. The complainant testified that he deposited the check and it came back marked ‘ ‘ insufficient funds ’ ’. The People offered absolutely no proof that the defendant knew that at the time of utterance he did not have sufficient funds with the drawee to cover it.
The People cannot rely on the presumption set out above — that when the drawer of a check has insufficient funds with the drawee at the time of utterance, he is presumed to know of such insufficiency — because the People failed to prove the fact underlying the presumption. The People offered no proof that the defendant had insufficient funds at the time of utterance.
In this regard, it is important to note that the People introduced a notice of protest. The notice, dated December 2, 1969, protested a check signed by the defendant for $670, dated July 21, 1969. The notice does not indicate when the check was presented for payment, but merely that payment was demanded and refused.
Under subdivision 3 of section 190.10, a notice of protest is presumptive evidence that the check was dishonored by the drawee and that there was insufficiency of the drawer’s funds at the time of presentment (emphasis supplied). Under the clear wording of the statute, the notice of protest is not presumptive evidence of the insufficiency of the drawer’s funds at the time of utterance. Thus it would appear that the first element of the crime cannot be proved by relying on the presumption created by the notice of protest. This is a change from the former Penal Law (§ 1292-a) wherein it appears that the effect of the notice of protest was not so limited.
Moreover, the People failed to prove beyond a reasonable doubt the second element of the crime. On the issue of intent, the People cannot rely on the presumption of subdivision 2 of section 190.10, because they failed to prove the facts underlying this presumption.
For the foregoing reasons, this court finds the defendant not guilty of the crime charged and hereby orders that the defendant be discharged and the information dismissed.