## Petition of Allentown Osteopathic Hospital

*Charles J. Fonzone*, for petitioner.

KOCH, P. J., May 14, 1974.—The issue before us

pertains to a petition for approval of a private complaint pursuant to the provisions of Pennsylvania Rule of Criminal Procedure 133(B). The pertinent portion of this rule is as follows:

"1. When the affiant is not a police officer as defined in Rule 51(C), and the offense charged does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

"2. . . .

"3. If the attorney for the Commonwealth

"(i) . . .

"(ii) disapproved the complaint, he shall state his reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a court of common pleas for approval or disapproval."

The complaint in question, executed by an agent of the Allentown Osteopathic Hospital, charges one Anthony D. Farkas with violating the bad checks provision of the Crimes Code, Act of December 6, 1972, P. L. 1068 (No. 334), sec. 1, 18 C.P.S.A. §4105. For the purpose of considering the merits of the petition, we need be concerned only with section (a) thereof: "A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee."

The record reveals that on February 25, 1974, the attorney for the Commonwealth disapproved the complaint "because there was no present consideration for the issuance of the check."

In our opinion, the reason for the disapproval does not represent a proper interpretation of the bad check statute referred to above. Specifically, we hold that a

complaint may not be disapproved in bad check prosecutions on the sole ground that there is a lack of present consideration.

It is quite true that previous to the advent of the Crimes Code the absence of present consideration was regarded as indicating that the necessary ingredient of "intent to defraud" could not be established: Commonwealth v. Spohn, 38 Dauph. 99; Commonwealth v. Malinowski, 31 Northumb. 32; Bell v. Capital Bakers, Inc. et al., 88 Dauph. 203. See also annotation, 59 A. L. R. 2d 1154.

This conclusion was based upon an interpretation of the worthless checks and drafts provision of The Penal Code, June 24, 1939, P. L. 872, sec. 854, 18 PS 4854, which used the statutory language "whoever, *with intent to defraud* makes, draws, utters or delivers any check, . . . knowing at the time of such making, drawing, uttering, or delivering, that the maker or drawer has not sufficient funds . . ." (Italics supplied).

The elimination of the phrase "with intent to defraud" in the existing Crimes Code bad check provision persuades us that lack of *present* consideration is no longer a defense. We support the view expressed by Shelton S. Toll, Pennsylvania Crimes Code Annotated (1974, Lawyers Co-operative Publishing Co.), §4105(b), at page 473: "lack of present consideration is immaterial under the new provision, which only requires knowledge that the check will not be honored, rather than intent to defraud."

The State of New York version of section 4105(a),* supra, has been interpreted in People v. Martin, 62 Misc. 2d 884; 310 N. Y. Supp. 2d 450. The court held, page 451:

"In order to obtain a conviction under the subsection cited, the People must prove three elements of

---

* Section 190.05, subd. I of the Penal Law.

the crime. In substance, they are (a) that the defendant as drawer uttered a check, knowing that he did not then have sufficient funds with the drawee to cover it; (b) that he intended that at the time of utterance that payment would be refused when the check was presented; and (c) payment was in fact refused upon presentation."

We conclude that the complaint in this case should have been approved, since the offense was allegedly committed on November 20, 1973, subsequent to the effective date of the Crimes Code, June 6, 1973.

## ORDER

Now, May 14, 1974, it is ordered and decreed that the prayer of Allentown Osteopathic Hospital for approval of the complaint attached to its petition be and is hereby granted pursuant to the provisions of Pa. R. Crim. P. 133(B)(3)(ii).

It is further ordered that the clerk mail a certified copy of this order to Magisterial District 31-1-03.